UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JODY CARR,<br><br>                Plaintiff,<br><br>v.<br><br>CHAD PAGE, et al.,<br><br>                Defendants. | Case No. 1:22-cv-00200-DCN<br><br>**ORDER** |

Plaintiff Jody Carr has filed a "Motion Requesting Reconsideration and Review." Dkt. 25. He points out that the Court previously permitted him to proceed in forma pauperis because he had not accrued three strikes prior to filing his original action in Case No. 1:21-cv-00409-DCN (Case 409). *See* Dkt. 3 in Case 409. Upon further review, as requested by Plaintiff, the Court finds it was mistaken about Plaintiff's three-strikes status when it entered that Order. Plaintiff had, in fact, accrued three strikes by June 21, 2021,[1] and the original complaint in Case 409 was not filed until October 18, 2021. *See* Dkt. 3 in Case 409.

---

[1] The following cases count as strikes under 28 U.S.C. § 1915(g): *Carr v. Lytle & Dietz*, 1:20-cv-00300-DCN, dismissed with prejudice for failure to state a claim on June 21, 2021 (with judgment entered the same day, and no appeal); *Carr v. Cupp & Phillips*, 1:20-cv-00301-DCN, dismissed with prejudice for failure to state a claim on June 21, 2021 (with judgment entered on April 19, 2022, and no appeal); and *Carr v. Page*, 1:20-cv-00302-DCN, dismissed with prejudice for failure to state a claim on June 21, 2021 (with judgment entered on October 13, 2021, with no appeal). *See Coleman v. Tollefson*, 575 U.S. 532, 537 (2015) ("A prior dismissal on a statutorily enumerated ground counts as a strike even if the dismissal is the subject of an appeal. That, after all, is what the statute literally says."). Thus, a dismissal order itself is sufficient to invoke a strike.

ORDER - 1

The Court agrees with the United States District Court for the Southern District of California and other courts concluding that a federal district court does not have discretion to permit any plaintiff to proceed in the absence of an imminent danger showing if he accrued three strikes prior to the filing of the at-issue complaint:

> [W]hile Plaintiff argues that the [in forma pauperis] revocation decision is in the Court's discretion, the relevant statutory language is clear that a plaintiff who falls within the scope of section 1915(g) cannot proceed IFP unless he or she is found to fall within the imminent danger exception. *See, e.g., Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999) ("[I]f a prisoner has had three or more cases dismissed for one of these three reasons, a court must dismiss the prisoner's case.") (emphasis added); *Gilbert v. Winder*, No. 2:09-CV-806-CW, 2010 WL 231251, at *1 (D. Utah Jan. 20, 2010) ("The language of section 1915(g) is mandatory."); *Benavidez v. Xi Jinping, President of China*, No. CV 20-00799 KG/LF, 2021 WL 616838, at *1 (D.N.M. Feb. 17, 2021) ("[T]he Court does not have discretion to allow a prisoner who has accrued three strikes to proceed without paying the filing fee.") (citing 28 U.S.C. § 1915(g)); *Rodriguez v. Inch*, No. 4:19CV191-RH-HTC, 2020 WL 3052517, at *5 (N.D. Fla. May 6, 2020) ("The fact that the Court previously granted Plaintiff in forma pauperis status does not change the propriety of a dismissal. The language of § 1915(g) is mandatory.") (citation omitted), report and recommendation adopted, No. 4:19CV191-RH-HTC, 2020 WL 3050231 (N.D. Fla. June 8, 2020).... Because the Court finds that Plaintiff does not satisfy the requirements of the imminent danger exception—see infra Section I.D—the Court has no discretion to permit Plaintiff to retain his IFP status.

*Schwerdtfeger v. Paramo*, No. 19-CV-2255 JLS (JLB), 2021 WL 1186831, at *3 (S.D. Cal. Mar. 30, 2021).

In addition, Plaintiff has not convinced the Court that it improperly severed his

original complaint that violated Rule 20 into several cases.[2] In each severed case, the Court invited Plaintiff to file a proper amended complaint. In each case, Plaintiff had the ability to file an appeal. Plaintiff's late allegations here that prison officials "stole" his notices of appeals in two of those cases—or, at the least, that his notices of appeals had been mailed but not received, regardless of the reason—should have been pursued immediately in each particular case. Plaintiff considers himself a jailhouse lawyer, knows the filing deadlines for appeals, has pursued cases in which he prevailed on appeal, knows how to contact this Court and the Ninth Circuit Court of Appeals, and should have reported that his notice of appeal had been sent but not received shortly after he realized he had not received a briefing schedule from the Court of Appeals in each case. It is now too late for Plaintiff to attempt to contest dismissal of his cases as wrongfully severed and wrongfully dismissed.

Plaintiff has not adequately shown in his Motion for Reconsideration and Review that he is in imminent danger of serious bodily harm, such that he qualifies for the exception to the three strikes rule. This lawsuit is about past harm that occurred while housed at the Idaho Maximum Security Institution (IMSI). Before Plaintiff filed his most recent amended complaint, he was transferred out of IMSI and into a different facility, Idaho State Correctional Center (ISCC). Plaintiff was ordered not to include conditions of confinement

---

[2] Claims against multiple defendants within a single pleading must meet the criteria of Federal Rule of Civil Procedure 20(a)(2), which requires that at least one claim against all defendants must "arise out of the same transaction, occurrence, or series of transactions or occurrences" and raise "a question of law or fact common to all defendants." Claims that do not meet the criteria must be separated into different lawsuits. *See, e.g., George v Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (in PLRA context: "A buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner.").

claims occurring at ISCC in this lawsuit, but to do so in a different severed lawsuit. *See* Dkt. 16, p. 2.

Because Plaintiff no longer resides at IMSI, there is no longer any danger of imminent harm to him from the conditions of confinement at IMSI. While Plaintiff contends that prison officials' failure to protect him resulted in him being assaulted by another prisoner at IMSI in 2022, *see* Dkt. 23, p. 3, that is a claim seeking redress for a past injury that does not fall within the exception to the three strikes rule, requiring a showing of current imminent danger.

Because Plaintiff is not under imminent danger as a result of his claims about past IMSI living conditions, he does not qualify for in forma pauperis status in this case.[3] Claims about present danger of imminent bodily harm in Plaintiff's new facility must be pursued in a different lawsuit.

The Court therefore grants Plaintiff's Motion for Reconsideration and Review to the extent that the Court has reviewed the two Orders and the filing dates of the four complaints at issue, and will vacate its prior Order for in forma pauperis status and the portion of the prior Order requiring Plaintiff to pay the full filing fee of $402. Within **30 days** after entry of this Order, Plaintiff shall either (1) pay his entire portion of the filing fee in this action, $116.66 (minus any amounts deducted from his prison trust account toward the prior vacated in forma pauperis order (Dkt. 14)), or (2) if he is not going to pay the filing fee and proceed, he may request that the Clerk of Court refund any amounts deducted from his

---

[3] Because Plaintiff does not qualify for in forma pauperis status, the Court does not analyze the alternative potential reason for dismissal, violation of a prior confidential settlement agreement. *See* Dkts. 1, 5.

prison trust account toward the in forma pauperis order in this case (Dkt. 14) (not to extend to any other case).

**ORDER**

**IT IS ORDERED:**

1. Plaintiff's Motion to Amend Complaint (Dkt. 22) is GRANTED.

2. The Order of April 3, 2023 (Dkt. 14) is VACATED to the extent that it grants Plaintiff Jody Carr in forma pauperis status and requires the IDOC prison inmate accounting department to deduct the fee from his prison trust account (for this case only).

3. The portion of the Order of December 18, 2023 (Dkt. 24) is VACATED to the extent that it requires Plaintiff to pay $402.

4. Plaintiff's Motion Requesting Reconsideration and Review (Dkt. 25) is GRANTED in part and DENIED in part, as set forth above.

5. Within **30 days** after entry of this Order, Plaintiff shall either (1) pay his entire portion of the filing fee in this action, $116.66 (minus any amounts deducted from his prison trust account toward the prior vacated in forma pauperis order (Dkt. 14)), or (2) if he is not going to pay the filing fee and proceed, he may request that the Clerk of Court refund any amounts deducted from his prison trust account toward the in forma pauperis order in this case (Dkt. 14) (not to extend to any other case).

6. Should Plaintiff desire to proceed and pay the filing fee, the Court will review the Amended Complaint and determine whether it violates the prior confidential

settlement agreement. If authorized to proceed, Plaintiff will be responsible for obtaining a waiver of service of summons for, or formally serving, the Defendants.

7. The Clerk of Court shall send a copy of this Order to the inmate accounting department at the prison:

>Josh Tewalt, Director
>Idaho Department of Correction
>Attn: Inmate Accounts
>1299 N Orchard, Suite 110
>Boise ID 83706.

DATED: March 5, 2024

David C. Nye
Chief U.S. District Court Judge